# Exhibit A

**SALTZ, MONGELUZZI & BENDESKY, P.C**.
8000 Sagemore Drive
Suite 8303
Marlton, NJ  08053
(856) 489-1515
ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| **Zachary Jones**<br>209 Horton Avenue<br>Brooklawn, NJ 08030<br>      *Plaintiff*<br>vs.<br><br>**The Chefs' Warehouse, Inc.**<br>200 Eagle Court<br>Woolwich Township, NJ 08085<br>      And<br>**The Chefs' Warehouse Mid-Atlantic, LLC**<br>200 Eagle Court<br>Woolwich Township, NJ 08085<br>      And<br>**BK Specialty Foods, Inc.**<br>1 United States Circle<br>Marlton, NJ 08053<br>      And<br>**Crown Equipment Corporation**<br>44 S. Washington Street<br>New Bremen, OH 45869<br>      And<br>**John Does (I-X)**<br>      And<br>**ABC Corporations (I-X)**<br>      *Defendants* | SUPERIOR COURT OF NEW JERSEY<br>CAMDEN COUNTY<br>LAW DIVISION<br><br>DOCKET NO.<br><br>CIVIL ACTION<br><br><br>JURY TRIAL DEMANDED<br><br><br>**COMPLAINT** |

## CIVIL ACTION COMPLAINT

  Plaintiff, Zachary Jones, claims of Defendants, The Chef's Warehouse, Inc., The Chefs' Warehouse Mid-Atlantic, LLC, BK Specialty Foods, Inc., Crown Equipment Corporation, John Does (I-X) and ABC Corporations (I-X), separate sums of monetary damages, upon causes of action, whereof the following are true statements:

1

## FIRST COUNT

1. Plaintiff, Zachary Jones, is an adult citizen of the State of New Jersey who resides at the above-captioned address.

2. Defendant, The Chefs' Warehouse, Inc., is a corporation or other business entity, incorporated in the State of Connecticut, with its principal place of business at the above-captioned address.

3. At all relevant times, Defendant, The Chefs' Warehouse, Inc., was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency, service and/or employment with Defendant, The Chefs' Warehouse, Inc.

4. Defendant, The Chefs' Warehouse, Inc., purposely established significant contacts in New Jersey, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in New Jersey, and regularly conducts business in Camden County.

5. Defendant, The Chefs' Warehouse Mid-Atlantic, LLC, is a corporation or other business entity, incorporated in the State of Maryland, with its principal place of business at the above-captioned address.

6. At all relevant times, Defendant, The Chefs' Warehouse Mid-Atlantic, LLC, was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency, service and/or employment with Defendant, The Chefs' Warehouse Mid-Atlantic, LLC.

7. Defendant, The Chefs' Warehouse Mid-Atlantic, LLC, purposely established significant contacts in New Jersey, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in New Jersey, and regularly conducts business in Camden County.

2

8. Defendants, The Chefs' Warehouse, Inc. and The Chefs' Warehouse Mid-Atlantic, LLC shall be collectively referred to hereinafter as "Chefs' Warehouse."

9. Defendant, BK Specialty Foods, Inc., is a corporation or other business entity, incorporated in the State of Maryland, with its principal place of business and corporate headquarters located at the above-captioned address.

10. At all relevant times, Defendant, BK Specialty Foods, Inc., was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency, service and/or employment with Defendant, BK Specialty Foods, Inc.

11. Defendant, BK Specialty Foods, Inc., purposely established significant contacts in New Jersey, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in New Jersey, and regularly conducts business in Camden County.

12. Defendant, Crown Equipment Corporation, is a corporation or other business entity, incorporated in the State of Ohio, with its principal place of business located at the above-captioned address.

13. At all relevant times, Defendant, Crown Equipment Corporation, was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency, service and/or employment with Defendant, Crown Equipment Corporation.

14. Defendant, Crown Equipment Corporation, purposely established significant contacts in New Jersey, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in New Jersey, and regularly conducts business in Camden County.

15. Defendants, John Does (I-X), are and were unknown individuals, business entities, or government organizations that owned, operated, maintained, managed or were otherwise responsible for the facility located at 200 Eagle Court in Woolwich Township and the work performed there. The identities of these individuals or entities are not known to the

3

Plaintiff who consequently sues these Defendants by their fictitious names. Plaintiff will seek leave to amend this Complaint to state the true names and capacities of these fictitiously named Defendants when they have been ascertained.

16. Defendants, ABC Corporations (I-X), are and were business entities along the chain of design, manufacture, sale, distribution, service, inspection, maintenance and repair of the forklift which caused Mr. Jones' injuries. The identities of these entities are not known to the Plaintiff who consequently sues these Defendants by their fictitious names. Plaintiff will seek leave to amend this Complaint to state the true names and capacities of these fictitiously named Defendants when they have been ascertained.

17. On February 28, 2022, Zachary Jones was working at the food distribution warehouse located at 200 Eagle Court in Woolwich Township while in the course and scope of his duties for his employer, The Chef's Warehouse Mid-Atlantic, LLC.

18. On or about February 28, 2022 and at all other relevant times, Defendants, Chef's Warehouse, BK Specialty Foods, Inc. and John Does (I-X) operated, controlled, maintained, managed and supervised the food distribution warehouse located at 200 Eagle Court in Woolwich Township.

19. On or about February 28, 2022 and at all other relevant times, personnel working at the food distribution warehouse located at 200 Eagle Court in Woolwich Township used material handling equipment, including forklifts.

20. On or about February 28, 2022 and at all other relevant times, an untrained, unqualified and intoxicated forklift operator crashed into and catastrophically injured Mr. Jones at the food distribution warehouse located at 200 Eagle Court in Woolwich Township.

21. Defendants, Crown Equipment Corporation and ABC Corporations (I-X) designed, manufactured, sold, distributed, serviced, inspected, maintained and repaired the

4

forklift which caused Mr. Jones' injuries.

22. Defendants' conduct and products directly and proximately caused Mr. Jones' injuries.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and/or in the alternative for such damages as may be permitted pursuant to the laws of New Jersey, together with interest, costs and attorney's fees.

## SECOND COUNT – NEGLIGENCE

23. All preceding paragraphs of this Complaint are incorporated here.

24. At all relevant times, Defendants, Chef's Warehouse, BK Specialty Foods, Inc. John Does (I-X) and ABC Corporations (I-X), had a duty to ensure that the work performed at the food distribution warehouse located at 200 Eagle Court in Woolwich Township did not create safety hazards for individuals working there.

25. At all relevant times, Defendants, Chef's Warehouse, BK Specialty Foods, Inc. John Does (I-X) and ABC Corporations (I-X), had a duty to ensure that only competent and qualified personnel were permitted to operate material handling equipment at the food distribution warehouse located at 200 Eagle Court in Woolwich Township.

26. At all relevant times, Defendants, Chef's Warehouse, BK Specialty Foods, Inc. John Does (I-X) and ABC Corporations (I-X), had a duty to develop and implement or ensure the development and implementation of policies and procedures that ensured the well-being of personnel working on or around material handling equipment at the food distribution warehouse located at 200 Eagle Court in Woolwich Township.

27. At all relevant times, Defendants, Chef's Warehouse, BK Specialty Foods, Inc. John Does (I-X) and ABC Corporations (I-X), had a duty to operate, control, maintain, manage

and supervise the food distribution warehouse located at 200 Eagle Court in Woolwich Township to ensure that the work there was being safely completed.

28. At all relevant times, Defendants, Chef's Warehouse, BK Specialty Foods, Inc. John Does (I-X) and ABC Corporations (I-X), either knew or should have known of the dangers associated with permitting an untrained, incompetent, unqualified and intoxicated operator to use a forklift.

29. At all relevant times, Defendants, Chef's Warehouse, BK Specialty Foods, Inc. John Does (I-X) and ABC Corporations (I-X), either knew or should have known that the forklift operator who struck and injured Mr. Jones was not competent or qualified to operate the forklift.

30. The aforesaid dangerous conditions were known to Defendants, Chef's Warehouse, BK Specialty Foods, Inc. John Does (I-X) and ABC Corporations (I-X) or in the exercise of reasonable care would have been known.

31. Defendants, Chef's Warehouse, BK Specialty Foods, Inc. John Does (I-X) and ABC Corporations (I-X) were careless and negligent in:

    a) Failing to know or discover conditions which involved an unreasonable risk of harm to individuals, such as the plaintiff;

    b) Failing to warn the public in general and the plaintiff, in particular, of the fact that the forklift operator was incompetent, untrained and unqualified;

    c) Failing to appreciate the dangerousness of permitted an untrained, incompetent and unqualified person to operate forklifts;

    d) Failing to employ individuals capable of instructing or supervising others regarding safe forklift operation;

    e) Failing to hire and retain only qualified and competent forklift operators;

6

f) Failing to employ individuals capable of supervising and performing tasks associated with operations at the food distribution warehouse at 200 Eagle Court in Woolwich Township in a manner that would leave the facility safe for the public in general and the Plaintiff;

g) Failing to employ proper operation and/or control of the food distribution warehouse at 200 Eagle Court in Woolwich Township;

h) Failing to employ proper operation and/or control of onsite forklift operations;

i) Failing to exercise reasonable care for the safety of those working at the food distribution warehouse at 200 Eagle Court in Woolwich Township;

j) Failing to warn individuals, such as the plaintiff, as to the dangerous conditions or the risk involved upon working at the food distribution warehouse at 200 Eagle Court in Woolwich Township;

k) Failing to maintain the food distribution warehouse at 200 Eagle Court in Woolwich Township from unreasonable hazards and/or unseen dangerous conditions;

l) Failing to warn plaintiff of any unreasonable hazards posed by unseen dangerous conditions;

m) Failing to adequately train its personnel;

n) Failing to hire competent personnel;

o) Failing to maintain the food distribution warehouse at 200 Eagle Court in Woolwich Township in a reasonably safe condition;

p) Failing to adequately supervise the handling of materials and forklift operations at the food distribution warehouse at 200 Eagle Court in

7

        Woolwich Township;

q)    Failing to maintain the subject forklift in a fit-for-service condition; and

r)    failing to adopt and enforce rules, practices and procedures for proper forklift operator training, inspections, maintenance and operations.

32.    As a result of the aforesaid negligence and carelessness of Defendants, Chef's Warehouse, BK Specialty Foods, Inc. John Does (I-X) and ABC Corporations (I-X) acting jointly and severally, Plaintiff, Zachary Jones, was crushed by a forklift, directly and proximately causing his injuries.

WHEREFORE, Plaintiff demands judgment against the Defendants, Chef's Warehouse, BK Specialty Foods, Inc. John Does (I-X) and ABC Corporations (I-X) for such damages as may be permitted pursuant to the laws of New Jersey, together with interest, costs and attorney's fees.

## THIRD COUNT – LAIDLOW

33.    All preceding paragraphs of this Complaint are incorporated here.

34.    At all relevant times, Plaintiff, Zachary Jones, was an agent, servant and/or employee of Defendant, The Chefs' Warehouse Mid-Atlantic, LLC, engaged in the regular course and scope of his employment.

35.    At all relevant times, The Chefs' Warehouse Mid-Atlantic, LLC, intentionally disregarded a known hazard and instructed or otherwise permitted an untrained, unqualified, intoxicated person to operate a forklift at the food distribution warehouse at 200 Eagle Court in Woolwich Township.

36.    At all relevant times, only trained, qualified and unimpaired personnel may be permitted to operate forklifts.

8

37. At all relevant times, The Chefs' Warehouse Mid-Atlantic, LLC was aware before directing or permitting an untrained, unqualified, and intoxicated person to operate a forklift that doing so was virtually certain to cause a catastrophic injury like the injuries that Mr. Jones suffered.

38. At all relevant times, The Chefs' Warehouse Mid-Atlantic, LLC was aware that untrained, unqualified and intoxicated persons could not safely operate forklifts.

39. At all relevant times, The Chefs' Warehouse Mid-Atlantic, LLC was aware that the forklift operator who struck and injured Mr. Jones was untrained, unqualified and intoxicated.

40. The Chefs' Warehouse Mid-Atlantic, LLC's actions were so egregious as to cause a reasonable person to conclude with virtual certainty that some agent, servant and/or employee of The Chefs' Warehouse Mid-Atlantic, LLC would be injured in the very manner in which Plaintiff, Zachary Jones, was injured.

41. The Chefs' Warehouse Mid-Atlantic, LLC's actions which caused Mr. Jones' injuries are not a simple fact of industrial life and are outside of the purview of the conditions that the New Jersey Legislature intended to immunize under the Worker's Compensation bar.

42. As a direct result of the aforesaid negligence, carelessness, recklessness and intentional conduct of Defendant, The Chefs' Warehouse Mid-Atlantic, LLC, Plaintiff, Zachary Jones, suffered the serious and permanent injuries set forth above.

WHEREFORE, Plaintiff demands judgment against Defendant, The Chefs' Warehouse Mid-Atlantic, LLC, for such damages as may be permitted pursuant to the laws of New Jersey, together with interest, costs and attorney's fees.

**FOURTH COUNT – PRODUCTS LIABILITY**

9

43. All preceding paragraphs of this Complaint are incorporated here.

44. Defendants, Crown Equipment Corporation and ABC Corporations (I-X), by and through their agents, servants, workers, contractors, suppliers, distributors and employees, breached N.J.S.A. 2A: 58C-2 by designing, manufacturing, distributing and selling a product designed in a defective manner as follows:

    a. designing, assembling, manufacturing, selling, supplying and distributing a product in a defective condition;

    b. designing, assembling, manufacturing, selling, supplying and distributing a product that was unreasonably dangerous to the user;

    c. designing, assembling, manufacturing, selling, supplying and distributing a product that was unreasonably dangerous to individuals working in a distribution warehouse;

    d. designing, assembling, manufacturing, selling, supplying and distributing a product which lacked all necessary safety features to protect users and bystanders of said product;

    e. failing to know of prior accidents and injuries with the product and failing to correct and prevent the same accidents and injuries from reoccurring;

    f. designing, assembling manufacturing, selling, supplying and distributing a product which could and should be designed more safely;

    g. designing, assembling, manufacturing, selling, supplying and distributing a product without simple and cost-effective safety components;

    h. designing, assembling, manufacturing, selling, supplying and distributing a product with parts and/or components that could cause serious injury and death;

    i. failing to provide appropriate safety components with this product;

j. designing, assembling, manufacturing, selling, supplying and distributing a product where it was foreseeable that someone would be injured based on the product design, lack of safety components, improper maintenance and lack of training;

k. violating applicable state, local and/or industry standards;

l. failing to adequately and properly test said product after its design and/or assembly;

m. failing to investigate, retain, and analyze prior accident information;

n. designing, manufacturing, selling, supplying and distributing a forklift that when improperly used would cause serious injury and death to users;

o. designing, assembling, manufacturing, selling, supplying and distributing a product which was not reasonably fit, suitable or safe for its intended and represented purpose;

p. designing, assembling, manufacturing, selling, supplying and distributing a product without adequate warnings or instructions; and

q. designing, assembling, manufacturing, selling, supplying and distributing a product without instructing or otherwise requiring that only trained, qualified and unimpaired personnel operate it.

45. At all relevant times hereto, the subject forklift was used and employed for the purpose for which it was designed and manufactured, and was used in a foreseeable manner.

46. As a result of the aforesaid defective, dangerous, and unsafe condition of the subject forklift, Plaintiff, Zachary Jones, was crushed, directly and proximately causing his injuries.

WHEREFORE, Plaintiff demands judgment against the Defendants, Crown Equipment Corporation and ABC Corporations (I-X) for such damages as may be permitted pursuant to the

11

laws of New Jersey, together with interest, costs and attorney's fees.

## JURY DEMAND

A trial by jury is hereby demanded.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, the Court is advised that Robert J. Mongeluzzi, Esquire and David J. Langsam, Esquire, are hereby designated as Trial Counsel.

## DEMAND FOR DISCOVERY PURSUANT TO N.J.R.C.P. 17-2

Plaintiff hereby demands that defendants respond to Form C and C(1) Interrogatories within the time provided under the New Jersey Rules of Civil Procedure.

## CERTIFICATION OF COUNSEL

I hereby certify that pursuant to Rule 4:5-1, there are no other matters pending in connection with this controversy. I further certify that there is no arbitration proceeding pending or contemplated. Finally, I certify that there are no other parties, to the best of my knowledge, which should be joined.

SALTZ, MONGELUZZI & BENDESKY, P.C.

BY: */s/ Robert J. Mongeluzzi*
    ROBERT J. MONGELUZZI, ESQUIRE
    DAVID J. LANGSAM, ESQUIRE
    GREGORY R. KISS, ESQUIRE

    Attorneys for Plaintiff, Zachary Jones

# Civil Case Information Statement

## Case Details: CAMDEN | Civil Part Docket# L-001240-22

**Case Caption:** JONES ZACHARY  VS THE CHEFS' WAREHOUSE , INC.
**Case Initiation Date:** 05/17/2022
**Attorney Name:** ROBERT J MONGELUZZI
**Firm Name:** SALTZ MONGELUZZI ET AL.
**Address:** 8000 SAGEMORE DR SUITE 8303 MARLTON NJ 08053
**Phone:** 8567518383
**Name of Party:** PLAINTIFF : Jones, Zachary
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** PRODUCT LIABILITY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?**  NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Zachary Jones?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/17/2022                                                                /s/ ROBERT J MONGELUZZI
Dated                                                                     Signed